```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

JOSÉ SANTIAGO-GONZÁLEZ,

    **Plaintiff,**

        v.                    **CIVIL. NO. 21-1123 (RAM)**

UNITED STATES OF AMERICA,

    **Defendant.**

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

    Pending before the Court is Petitioner José Santiago-González's ("Petitioner" or "Santiago-González") *Motion Under 28 U.S.C § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("§ 2255 motion"). (Docket No. 1). Having considered the arguments of the parties at Docket Nos. 1 and 17, the Court **DENIES** Petitioner's § 2255 motion. No certificate of appealability shall be issued as the § 2255 motion fails to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). In accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may still seek a certificate directly from the First Circuit.

## I. BACKGROUND

**A. Criminal Case No. 17-cr-0072[1]**

On February 8, 2017, a Grand Jury returned an Indictment ("the Indictment") in case no. 17-cr-0072. (Docket No. 11). Petitioner was charged therein with three counts. Id. These Counts included: Count 1: Bank Robbery in violation of 18 U.S.C. § 2113(a) and 2113(d); Count 2: Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951; and Count 3: Carry and Brandish a Firearm during and in relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Id.

On June 27, 2018, Petitioner pled guilty to all counts in a Fed. R. Civ. P. 11 proceeding before Magistrate Judge Hon. Marcos E. López. (Docket No. 44). On August 13, 2018, the same Judge issued a Report and Recommendation advising that the Hon. Juan M. Pérez-Giménez accept Petitioner's straight plea and that he be adjudged guilty as to all counts in the Indictment. (Docket No. 46 at 6). On September 13, 2018, the Hon. Juan M. Pérez-Giménez adopted the Report and Recommendation. (Docket No. 47).

On December 5, 2018, the Court held a sentencing hearing for Petitioner. (Docket No. 56). While the parties requested a sentence of 130 months, the Court imposed an upward variance and Petitioner

---

[1] Any reference to a docket entry in this section will only refer to docket entries in Criminal Case No. 17-cr-0072. That case, and the related case 21-cv-1123, were reassigned to the undersigned on March 16, 2021. (Criminal Case No. 17-0072, Docket No. 76; civil case No. 21-1123, Docket No. 2).

was sentenced to a term of imprisonment of 204 months, namely 120 months for Counts 1 and 2 to be served consecutively, and 84 months for Count 3. (Docket Nos. 56-57). Petitioner's counsel objected on procedural and substantive grounds. (Docket No. 63 at 15).

On December 13, 2018, Petitioner timely appealed from judgment. (Docket No. 59). On appeal, counsel moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and filed a supporting brief averring there were no non-frivolous grounds for appeal. (Appeal Case No. 19-1015, November 4, 2020). The First Circuit granted the motion to withdraw and affirmed the District Court's Judgment. (Docket Nos. 73-74). The First Circuit also noted that Santiago-González did not file a *pro se* supplemental brief to his appeal and that the time to file a brief had already elapsed. (Docket No. 73 at 1).

**B. Civil Case No. 21-1123**

In his § 2255 motion, Petitioner requests that the Court vacate his sentence, appoint counsel, conduct an evidentiary hearing, and re-sentence him. (Docket No. 1 at 11). In essence, his § 2255 motion alleges ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. Id. at 4. The motion's first ground posits that Petitioner's counsel was supposedly ineffective because while Petitioner had "agreed openly" to a sentence of 130 months, his counsel purportedly did not object to the imposition of a 204-month sentence. Id. Thus,

Case 3:21-cv-01123-RAM   Document 18   Filed 11/29/21   Page 4 of 11

Civil No. 21-1123 (RAM)                                            4

but for his counsel's "failure to adequately or meaningfully object the outcome … the sentence would have been different." Id. He also argues his counsel was not prepared to advocate for the agreed upon sentence. Id. On the other hand, the second ground argues that his counsel was ineffective when he "allowed an additional firearm enhancement under 924(c) for the same firearm" and failed to object to the same. Id. at 5.

On August 4, 2021, Defendant United States of America ("the Government") responded to Petitioner's § 2255 motion ("*Response*"). (Docket No. 17). Regarding the first ground, the Government posits his claim is procedurally defaulted and is belied by the record. Id. at 5-8. First, because Petitioner stated under oath that no one had promised him a specific sentence and he recognized he could be sentenced to the maximum term allowed by statute. Id. at 5-6. Second, because his counsel *did* argue for a 130-month sentence, even filing a sentencing memorandum arguing for that sentence. Id. at 6-8. Nonetheless, the Court imposed a variant sentence due to Petitioner's extensive criminal history and the fact that this was Petitioner's 13th conviction. Id. at 7.

As to the second ground, the Government denies the same because Petitioner did not receive a firearm enhancement. Id. at 8. Thus, his counsel was not ineffective by not raising a meritless claim. Id. Lastly, the Government argues an evidentiary hearing is

improper, and the Court should not grant a certificate of appealability. Id. at 8-9.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner who is in custody under a sentence imposed by a Federal Court may move to vacate, set aside, or correct his sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

A petitioner's request for relief under § 2255 must show that their sentence reveals "fundamental defects which, if uncorrected, will result in a complete miscarriage of justice." Lebron-Martinez v. United States, 2021 WL 3609658, at *2 (D.P.R. 2021) (quotation omitted)). Petitioner must prove such a defect. Id. An evidentiary hearing on a § 2255 motion is unnecessary when the motion: "(1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Acevedo-Hernandez v. United States, 2021 WL 3134510, at *2 (D.P.R. 2021). Nor is a hearing necessary when there are no factual issues to be resolved. See Lebron-Martinez, 2021 WL 3609658, at *2 (quotation omitted).

## III. DISCUSSION

Santiago-González's § 2255 motion does not require resolving factual issues as he only presents legal issues. See Lebron-Martinez v. United States, 2021 WL 36099658, at *2 (D.P.R. 2021); see also Forteza-Garcia v. United States, 2021 WL 784875, at *2 (D.P.R. 2021). Thus, a hearing is not necessary in this case.

### A. Ground One: Ineffective Assistance of Counsel for Failing to Object to 130-Month Sentence

Santiago-González avers his counsel was ineffective by failing "to object to the Court's imposition of 204 months" as his sentence. (Docket No. 1 at 4). However, even if his counsel was ineffective, which is unsupported by the record, the Court agrees with the Government that his claim is procedurally barred.

Under normal circumstances, a guilty plea's voluntariness can be contested on collateral review pursuant to 28 U.S.C. § 2255 *only if* the plea has been challenged on direct appeal. See Perez-Mercado v. United States, 2021 WL 666863, at *4 (D.P.R. 2021) (quoting Bousley v. United States, 523 U.S. 614, 621 (1998)). When a petitioner fails to challenge their plea on appeal, but then attempts to do so via a § 2255 motion, their claim is deemed procedurally defaulted. Id. But, a procedural default does not automatically hinder federal relief and the claim may still "be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"

Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (quoting Bousley, 523 U.S. at 622); see also Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005) (citation omitted).

In the case at bar, **it is undisputed that Santiago-González failed to raise any claims on appeal.** The only claim raised on appeal was his own counsel's request for withdrawal and a supporting brief averring there were no non-frivolous grounds for appeal. Unsurprisingly, the First Circuit affirmed the district court's judgment. (Docket Nos. 73-74). For reasons discussed below, Petitioner has also not shown cause and actual prejudice *or* actual innocence sufficient to defeat a procedural default.

First, Santiago-González does not proffer he is actually innocent of the counts he was charged with in the Indictment. Hence, his only saving grace would be if he shows cause and actual prejudice for his failure to appeal. The showing of cause must be examined under a strict diligence standard which "requires a showing of some external impediment preventing counsel from constructing or raising a claim." Nieves-Canales v. United States, 2019 WL 4858793, at *4 (D.P.R. 2019) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Here, Santiago-González has failed to show that any external factor limited his ability, or his counsel's, from appealing his allegedly improper 130-month sentence. See Jose Vazquez v. United States, 2020 WL 609598, at *1 (D.P.R. 2020) (finding that petitioner's plea validity claim was

defaulted because he had not proffered evidence of cause, actual prejudice, or actual innocence). Furthermore, the Court notes that ineffective assistance of counsel may furnish the cause element of the cause and prejudice standard. *See* Feliciano-Rivera v. United States, 115 F. Supp. 3d 243, 251 (D.P.R. 2015) (quoting Murray, 477 U.S. at 488 (1986)). But Santiago-González failed to show that his counsel's representation was constitutionally ineffective under Strickland's two-part test. *See* Strickland v. Washington, 466 U.S. 668, 686–87 (1984). In fact, other than his conclusory allegation that due to his counsel's failure to object to the 204-month sentence his sentence would have been different, he does not provide *any* facts or supporting case law which can bolster his ineffective assistance claim or that any actions by his counsel caused his procedural default. (Docket No. 1 at 4).

His showing of actual prejudice fares no better. This because Petitioner has not made, or even attempted to make, *any* showing as to actual prejudice resulting from the sentencing error he alleges in his § 2255 motion. *See* Nieves-Canales, 2019 WL 4858793, at *4 ("[t]o show actual prejudice the petitioner must show a reasonable probability that the trial's result would have been different if the claimed errors in procedural default had not occurred."). Thus, the first ground remains defaulted.

Second, his Change of Plea Hearing shows he knew when he pled guilty that the Court might impose a higher sentence than the 130-

month sentence that his counsel and the Government requested. For example, when the Magistrate Judge asked him during the hearing if he understood he would not be able to withdraw his guilty plea solely because he disagreed with the sentence that may eventually be imposed, he replied affirmatively. (Criminal Case No. 17-cr-0072, Docket No. 62 at 13). He also confirmed he understood that even if the Court were to impose the maximum penalty under statute, he would **not** be able to withdraw his guilty plea for that reason alone. Id. at 13-14. Likewise, he **denied** that anyone had promised him that he would receive a specific sentence if he entered a guilty plea. Id. With this in mind, Petitioner cannot now aver, without more, that his counsel was ineffective simply because he was sentenced to a longer term than what his counsel had originally requested. Similarly, Santiago-González was well-aware that he could appeal his guilty plea given that the sentencing court specifically informed him that he could appeal his conviction if he believed his guilty plea was unlawful, involuntary, or if there existed a fundamental defect in the proceedings not waived by his plea. (Criminal Case No. 17-cr-0072, Docket No. 63 at 14); *see also* Roman-Portalatin v. United States, 015 WL 3996053, at *17 (D.P.R. 2015). Nevertheless, Santiago-González plead guilty and **did not appeal his plea**. Hence, while the Court interprets *pro se* submissions liberally, "***pro se* status does not insulate a party from complying with procedural and substantive law.**" United States

v. Steven-Wykle, 2021 WL 3371012, at *1 n.2 (D.P.R. 2021) (quotation omitted).

### B. Ground Two: Ineffective Assistance of Counsel for Failing to Object to Firearm Enactment

The § 2255 motion's second ground posits that Petitioner's counsel's failure to object "enabled a second enhancement for the same firearm" as his 924(c) charge. (Docket No. 1 at 5). However, as per the Government's *Response*, Santiago-González did not receive a firearm enhancement for his robbery charges. (Docket No. 17 at 8). Instead, a two-level increase was applied pursuant to the United States Sentencing Guidelines § 2B3.1(b)(1) because the property taken at the robbery belonged to a financial institution. (Criminal Case No. 17-cr-0072, Docket No. 63 at 6). The pre-sentence report also reflects this increase, and **not** one for a firearm enhancement. (Criminal Case No. 17-cr-0072, Docket No. 52 at 7). Hence, Santiago-González's counsel was not ineffective for not raising a frivolous claim. *See* Vega-Rivera v. United States, 2021 WL 2952928, at *5 (D.P.R 2021) ("An attorney is not obliged to raise meritless claims, and failure to do so does not render his or her legal assistance ineffective.") (citation omitted).

### C. No Certificate of Appealability Will be Issued

Pursuant to 28 U.S.C.A. § 2253(c)(2), a District Court judge may only issue a certificate of appealability of a section 2255 proceeding "if the applicant has made a substantial showing of the

denial of a constitutional right." In the case at bar, the Court will not issue a certificate of appealability because, for the reasons discussed above, Petitioner failed to make such a showing. *See e.g.*, Morales Torres v. United States, 2019 WL 4744217 at *3 (D.P.R. 2019) (denying certificate of appealability in a case dismissing Section 2255 petition because Hobbs Act Robbery is a predicate crime of violence under Section 924 (c)'s force clause).

### IV.   CONCLUSION

"It is the policy of the law to hold litigants to their assurances" and a petitioner will not be permitted "**to turn his back on his own representations to the court merely because it would suit his convenience to do so**." United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (quotation omitted) (emphasis added). Based on the foregoing, Petitioner José Santiago-González's *Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255* (Docket No. 1) is **DENIED**. Judgment of dismissal **WITH PREJUDICE** will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of November 2021.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge
